McGREGOR W. SCOTT
United States Attorney
RICHARD J. BENDER
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2731

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>DAVID LEE ARNETTE,<br><br>  Defendant. | CASE NO. 2:08-cr-00166-MCE<br><br>**ORDER DIRECTING HOSPITALIZATION OF DEFENDANT FOR TREATMENT PURSUANT TO 18 U.S.C. § 4241(d)** |

On the issue of the competence of defendant David Lee Arnette to stand trial pursuant to the standards set forth in 18 U.S.C. § 4241(a), the defendant, through his attorney, Assistant Federal Defender Rachelle Barbour, and the United States, through Assistant U.S. Attorney Richard Bender, have submitted the issue on the below referenced reports and have waived further hearing [as set out in 18 U.S.C. § 4247(d)]. In making its determination, the Court has reviewed the following written material:

- Evaluation of David Lee Arnette by Forensic Psychologist Lisa Hope from the U.S. Bureau of Prisons Metropolitan Detention Center in Los Angeles, date August 4, 2008, (17 pages),

- Evaluation of David Lee Arnette by Professor Barbara E. McDermott, U.C. Davis Department of Psychiatry and Behavioral Sciences, Division of Psychiatry and the Law, dated September 23, 2009 (7 pages),

- Initial Patient Assessment of David Arnette dated May 6, 2008, done by the Jail Psychiatric Services Department of the Sacramento County Jail, Jason Roof, M.D.

The first two of the above reports contain an extensive description of the defendant's psychiatric history, including his previously having been found not guilty by reason of insanity to a previous

1

federal bank robbery charge and subsequent hospitalization.  He was subsequently released with the condition that he continued with his psychiatric treatment and medication.

In the present case, the defendant was charged in an indictment filed on April 3, 2008, with a new bank robbery charge, in violation of 18 U.S.C. § 2113, along with charges of felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1), possession of ammunition by previously committed mental patient, in violation of 18 U.S.C. § 922(g)(6), and false statement on firearm application, in violation of 18 U.S.C. § 922(a)(6).  Based upon his mental history, the defendant was ordered to be evaluated for competency to stand trial pursuant to 18 U.S.C. § 4241.

The defendant was ordered transferred to the custody of the U.S. Bureau of Prisons for that evaluation, which resulted in Dr. Hope's report, which concluded that, although the defendant understood the nature and consequences of the pending charges, the defendant was presently suffering from a mental disorder that impaired his ability to properly assist counsel in his defense. The defendant requested a second opinion and was examined by Dr. Barbara McDermott of the U.C. Davis Medical Center, who came to the same conclusion.

Since the reports of the two psychologists were prepared, it has been reported to me that, while at the Sacramento County Jail as a federal pretrial detainee, the defendant has refused to take his prescribed medication for his psychiatric condition and the jail medical personnel have twice obtained state court authorization to involuntarily medicate the defendant for his own safety and the safety of others while an inmate at the Sacramento County Jail.

Base upon the above circumstances, the Court finds, by a preponderance of the evidence, that reasonable cause exists to believe that defendant David Arnette is presently suffering from a mental disease or defect, rendering him mentally incompetent to the extent that he is unable to assist properly in his defense and, thus, is not mentally competent at this time to further address the criminal charges against him or to stand trial concerning those charges.

Therefore, pursuant to 18 U.S.C. § 4241(d), the defendant is committed to the custody of the Attorney General for treatment in a suitable facility for a period not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future the

1  defendant will attain the capacity to permit the proceedings to go forward.  An extension of this time
2  period may be granted for an additional reasonable period of time (to be determined by this Court), if
3  the Court later finds that there is a substantial probability that within such additional period of time
4  the defendant will attain the capacity to permit the proceedings to go forward or the pending charges
5  against him are disposed of according to law, whichever is earlier.

Dated: October 29, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE