McGREGOR W. SCOTT
United States Attorney
RICHARD J. BENDER
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2731

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID LEE ARNETTE,<br><br>Defendant. | CASE NO. CR. S-08-166 MCE<br><br>**ORDER DIRECTING HOSPITALIZATION OF DEFENDANT FOR TREATMENT PURSUANT TO 18 U.S.C. § 4243(e)** |

    A hearing was held in open court on March 11, 2010. The defendant was present and represented by his attorney, Asst. Federal Defender Rachelle Barbour. The government was represented by Asst. U.S. Attorney Richard Bender. The hearing was held pursuant to 18 U.S.C. § 4243(c) to determine whether the defendant, a person who was found not guilty only by reason of insanity of an offense involving substantial risk of bodily injury, could show by clear and convincing evidence that his release would not create a substantial risk of bodily injury to another person or serious damage of property of another due to a present mental disease or defect. The parties submitted the issue on the Risk Assessment Review Report prepared by the U.S. Bureau of Prison Medical Center in Springfield Missouri, dated February 9, 2010. That report concluded the defendant's behavior is a direct result of his severe mental disorder, specifically his auditory hallucinations and his paranoid delusions, and concluded that his release would create substantial risk of bodily injury to another person or serious damage to the property of another person. [Rpt. at 8.] Additionally, the Court is aware that the defendant had previously been found not guilty only by

reason of insanity in an earlier bank robbery case from the Central District of California and was on conditional release from hospitalization resulting from that case when the defendant engaged in the criminal conduct which formed the basis for the present case.

Based upon the material before it, the Court found that the defendant had not sustained his burden of proof of showing, either by clear and convincing evidence or by preponderance of the evidence, that the defendant does not create a substantial risk of bodily injury to another person or serious damage to property due to a present mental disease or defect.  Therefore, the Court committed the defendant to the custody of the Attorney General, via the U.S. Bureau of Prisons.

Pursuant to 18 U.S.C. § 4243(e), the U.S. Bureau of Prisons shall make all reasonable efforts to cause the State of California to assume responsibility for the custody, care, and treatment of the defendant.  If, notwithstanding such efforts, the State of California declines to assume such responsibility, the U.S. Bureau of Prisons shall hospitalize the defendant for treatment in a suitable facility until either the State agrees to assume such responsibility, or the defendant's mental condition is such that his release, or conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment, would not create a substantial risk of bodily injury to another person or serious damage to property of another, whichever is earlier.

If and when the director of the facility in which the defendant is hospitalized pursuant to this order determines that the defendant has recovered from his mental disease or defect to such an extent that his release, or his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment, would not longer create a substantial risk of bodily injury to another person or erious damage to property of another, the facility director shall promptly file a certificate to that effect with the Clerk of the Court for the Eastern District of California.  The Court will thereafter hold a hearing to determine whether the defendant should be released.  [18 U.S.C. § 4243(f)]

Is is SO ORDERED.

Dated: March 16, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE