DANIEL J. BRODERICK, #89424
Federal Defender
RACHELLE BARBOUR, Bar #185395
Research and Writing Attorney
Designated Counsel for Service
801 I Street, 3rd Floor
Sacramento, California 95814
Telephone: (916) 498-5700


Attorney for Defendant
DAVID LEE ARNETTE

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case Nos. 2:08-cr-00166 KJM |
| ) | 2:10-cr-00118 KJM |
| Plaintiff, ) | |
| ) | |
| v. ) | RELEASE ORDER |
| ) | |
| DAVID LEE ARNETTE, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

The Court hereby ORDERS that DAVID LEE ARNETTE be CONDITIONALLY RELEASED from custody of the Bureau of Prisons pursuant to 18 U.S.C. § 4243(f) on August 17, 2011. The Bureau of Prisons will arrange Mr. Arnette's transportation by air to Sacramento. Mr. Arnette will be met at the Sacramento International Airport by his probation officer who will transport him to a halfway house as detailed in the conditions of release.

//

1    Pursuant to 18 U.S.C. § 4243(f), the director of the United States
2 Medical Facility at Springfield, Missouri has determined that Mr.
3 Arnette "has recovered from his mental disease or defect to such an
4 extent that his release, or his conditional release under a prescribed
5 regimen of medical, psychiatric, or psychological care or treatment,
6 would no longer create a substantial risk of bodily injury to another
7 person or serious damage to property of another."  The director has
8 also certified the release conditions ordered below.

9    Accordingly, pursuant to 18 U.S.C § 4243(f)(2), the Court finds
10 that Mr. Arnette's "conditional release under a prescribed regimen of
11 medical, psychiatric or psychological care or treatment would no longer
12 create a substantial risk of bodily injury to another person or serious
13 damage to property of another."  The Court orders, as an explicit
14 condition of release, that Mr. Arnette comply with the prescribed
15 regimen of medical, psychiatric, or psychological care or treatment.
16 18 U.S.C. § 4243(f)(2)(B).

17    **IT IS ORDERED** that Mr. Arnette be conditionally released from
18 custody on <u>August 17, 2011</u>.  His release is contingent upon his
19 compliance with the following conditions:

20    1. Mr. Arnette will be supervised by the United States Probation
21 Office in the Eastern District of California.

22    2. Mr. Arnette shall reside at P.T.L.C., XXXXX, Sacramento, CA
23 95818.[1]  Any move from this facility must be approved in advance by his
24 supervising U.S. Probation Officer.  Further, the Probation Officer
25 shall be notified immediately should Mr. Arnette move from the
26 residence.  Further, the Probation Officer shall be notified if the

---

28    [1]    Redacted as provided by Fed. R. Crim. Pro. 49.1.

defendant absents himself from the facility outside core curfew hours (9:00 p.m. to 6:00 a.m.) or otherwise leaves the facility without the approval of the supervising Probation Officer.

3. Mr. Arnette shall participate in a program of mental health treatment and will go to a treatment provider approved by the supervising U.S. Probation Officer and cooperate with the prescribed medication regimen including the procedures utilized by the community provider to distribute medications including the use of injections.

4. Mr. Arnette will agree to a release of information between the U.S. Probation Office and all treatment providers.

5. Mr. Arnette will abstain from using alcohol or illicit drugs while released in the community, and shall submit to random urinalysis testing to test for those substances as directed by the Probation Officer.

6. Mr. Arnette will not be in possession of any type of weapons or firearms.  He will not attempt to purchase any weapons or firearm.

7. Mr. Arnette will notify the probation officer within 72 hours of being arrested or questioned by law enforcement officials.

8. Mr. Arnette will submit to a warrantless search of person and property by law enforcement officials or the Probation Officer supervising him with or without probable cause or reasonable suspicion.

9. Mr. Arnette will submit to laboratory testing, breathalyser and other tests necessary to determine medication compliance or use of illegal substances.

10. Mr. Arnette will not leave the area of 50 miles from the United States District Court at 501 I Street, Sacramento, CA 95814 without permission of the Court or the Probation Officer.

1   11. Mr. Arnette shall permit a Probation Officer to visit him at
2  his residence.
3   12. Mr. Arnette will not associate with any person engaged in
4  criminal activity and shall not associate with any person convicted of
5  a felony unless granted permission to do so by the Probation Officer.
6   13. Mr. Arnette will be financially responsible and agree to meet
7  financial obligations to the facility, apartment, or other type of
8  living arrangement in which he resides, including using part, or all,
9  of his Social Security benefits as payment for his room and board.
10   14. As directed by the probation officer, Mr. Arnette will notify
11  third-parties of risks that may be occasioned by his criminal record,
12  personal history, or characteristics, and shall permit the Probation
13  Officer to make such notifications.
14   15. All standard conditions of release for the district which he
15  resides will be in effect for Mr. Arnette during the time of his
16  release.
17   16. Mr. Arnette shall agree to undergo serum blood level screening
18  as directed by the treating physician, to ensure a therapeutic level of
19  medication is maintained.
20   17. Mr. Arnette shall be monitored with location monitoring
21  technology.  Mr. Arnette shall abide by all technology requirements and
22  shall pay all or part of the costs of participation in the location
23  monitoring program, as directed by the Court and/or the probation
24  officer. Mr. Arnette shall be restricted to his residence at all times
25  except for medication, necessities, and Court appearances, or other
26  activities specifically pre-approved by the probation officer. Mr.
27  Arnette may request, at any time upon a showing of good cause, that the
28  location monitoring be modified or discontinued.

18. In addition to specific permission to leave the facility for reasons approved in advance by the Probation Officer, the Probation Officer may allow for free time for the defendant when he is allowed to leave the facility for general recreational or personal purposes for limited time periods, so long as the defendant demonstrates to the satisfaction of the Probation Officers that the defendant can conduct himself in a safe and responsible fashion while outside the facility. These time periods may be increased or reduced over time as determined by the Probation Officer based upon the defendant's deportment and compliance with all the conditions of his conditional release. Notwithstanding this, however, the defendant shall always be present at the residence approved by the Probation Officer during the core curfew periods of 9:00 p.m. to 6:00 a.m. absent extraordinary circumstances, approved by the Probation Officer (e.g., hospital admission, etc.).

IT IS SO ORDERED.

Dated: August 1, 2011.

_____
UNITED STATES DISTRICT JUDGE