IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                             Plaintiff,<br><br>           v.<br><br>DAVID ARNETTE,<br><br>                             Defendant. | CASE NO.  2:08-CR-166 KJM<br>             NO. 2:10-CR-118 KJM<br><br>ORDER DIRECTING HOSPITALIZATION OF DEFENDANT FOR EVALUATION PURSUANT TO 18 U.S.C. § 4243(g) |

On the issue of the competence of defendant David Lee Arnette to answer the presently pending petitions for violations of release conditions pursuant to the standards set forth in 18 U.S.C. § 4241(a), the defendant, represented by Assistant Federal Defender Rachelle Barbour, and the United States, represented by Assistant U.S. Attorney Richard Bender, appeared in open court on January 20, 2016. The court indicated that it had reviewed the report of U.S. Bureau of Prisons Psychologist Lesli Johnson dated December 4, 2015, and received the comments of Probation Officer Glenn Simon who interviewed the defendant last week.  In addition, the court observed the demeanor and statements of the defendant in open court.  The parties submitted the matter for the court's determination.

/////

/////

/////

1

1   By way of history, the defendant was charged in an indictment filed in this District on April 3,
2   2008, with a new bank robbery charge[1], in violation of 18 U.S.C. § 2113, along with charges of felon in
3   possession of ammunition, in violation of 18 U.S.C. § 922(g)(1), possession of ammunition by
4   previously committed mental patient, in violation of 18 U.S.C. § 922(g)(6), and false statement on
5   firearm application, in violation of 18 U.S.C. § 922(a)(6).  The defendant was found not guilty by reason
6   of insanity to those charges and sent to the U.S. Bureau of Prisons (BOP) pursuant to 18 U.S.C. § 4243.
7   Subsequent to treatment, in the absence of a BOP halfway house in the Sacramento area, he was
8   released to a residential facility in Sacramento with conditions of supervision.  The defendant has had at
9   least three prior supervised released violations and has been back and forth for evaluation and/or mental
10  health treatment to the BOP on multiple occasions.  Most recently, the defendant has returned from the
11  BOP evaluation referenced above, addressing his competency to answer the latest petitions[2] alleging
12  violations of his release conditions.

13  Dr. Johnson's report concluded that the defendant suffers from a mental disease or defect and,
14  although he appears to understand the nature and consequences of the court proceedings against him, he
15  is likely unable to properly assist counsel in his defense.  The court's own observation of the defendant
16  in open court on January 20, 2016, is consistent with Dr. Johnson's conclusion.

17  Therefore, the court finds, by a preponderance of the evidence, that reasonable cause exists to
18  believe that defendant David Arnette is presently suffering from a mental disease or defect, rendering
19  him unable to assist properly in his defense and, thus, is not mentally competent at this time to further
20  address the supervised release violation charges against him or to contest the charges at a hearing.

21  Therefore, pursuant to 18 U.S.C. § 4241(d), the defendant is committed to the custody of the
22  Attorney General for treatment in a suitable facility for a period not to exceed four months, as is
23  necessary to determine whether there is a substantial probability that in the foreseeable future the
24  defendant will attain the capacity to permit the proceedings to go forward.  An extension of this time
25  period may be granted for an additional reasonable period of time (to be determined by this court), if the

---

[1] The defendant had previously been found not guilty by reason of insanity to a bank robbery charge out of the Central District of California.

[2] The same petition was filed in both Case No. 2:10-CR-0118 KJM and 2:08-CR-00166.

court later finds that there is a substantial probability that within such additional period of time the defendant will attain the capacity to permit the proceedings to go forward or the pending charges against him are disposed of according to law, whichever is earlier.

Dated:  January 26, 2016

_____
UNITED STATES DISTRICT JUDGE