BENJAMIN B. WAGNER
United States Attorney
RICHARD J. BENDER
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone:  (916) 554-2700
Facsimile:  (916) 554-2900
Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>              v.<br><br>DAVID ARNETTE,<br><br>                              Defendant. | CASE NO.  2:08-CR-166 KJM<br>            NO. 2:10-CR-118 KJM<br><br>MOTION FOR AMENDED ORDER DIRECTING EVALUATION UNDER 18 U.S.C. § 4243(g) INSTEAD OF AN EVALUATION PURSUANT TO 18 U.S.C. § 4241(d) |

        Government counsel has received an inquiry from the Bureau of Prison (BOP) Medical Center at

Springfield, Missouri, requesting a clarification and/or change in the Court's Order directing an

evaluation for competency to answer the petition alleging violation of conditional release conditions

filed on March 17, 2015.

        The BOP's position is that a § 4241(d) evaluation for competence to answer the pending petition

is improper because §  4241 does not apply to defendant Arnette who was never convicted of any

offense, but rather was found not guilty only by reason of insanity.  §  4241 states:

>        **Motion to determine competency of defendant.**—At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant, or at any time after the commencement of probation or supervised release and prior to the completion of the sentence, the defendant or the attorney for the Government may file a motion for a hearing to determine the mental competency of the defendant. . . .

BOP's position is that this section is inapplicable to the defendant because he is not pending trial, nor is

he on probation or supervised release.

1    Rather,  BOP claims that the evaluation should be under 18 U.S.C. § 4243(g).  Section 4243

2    applies generally to the hospitalization of persons found not guilty only by reasons of insanity, as was

3    Mr. Arnette.  They analogize the present situation to § 4243(g), which applies to revocation of

4    conditional discharge:

5          **Revocation of conditional discharge.**—The director of a medical facility
           responsible for administering a regimen imposed on an acquitted person
6          conditionally discharged under subsection (f) shall notify the Attorney
           General and the court having jurisdiction over the person of any failure of
7          such person to comply with the regimen.  Upon such notice, or upon other
           probable cause to believe that the person has failed to comply with the
8          prescribed regimen of medical, psychiatric, or psychological care or
           treatment, the person may be arrested, and, upon arrest, shall be taken
9          without unnecessary delay before the court having jurisdiction over him.
           The court shall, after a hearing, determine whether the person should be
10         remanded to a suitable facility on the ground that, in light of his failure to
           comply with prescribed regimen of medical, psychiatric, or psychological
11         care or treatment, his continued release would create a substantial risk of
           bodily injury to another person or serious damage to property of another.
12

13   Although here it was the Probation Department, as opposed to the "director of a medical facility

14   responsible for administering a regimen imposed . . . " that notified the court of the defendant's failure

15   to comply with his release regimen, the section would appear applicable.  Assuming it is applicable, the

16   evaluation by the BOP medical staff is not whether the defendant could be rendered competent to

17   answer the charges against him, but rather whether defendant Arnette's "… continued release would

18   create a substantial risk of bodily injury to another person or serious damage of property of another."

19         Both counsel for the government and for the defendant agree with the BOP's analysis.  The real

20   question to be answered is not whether Mr. Arnette can be restored to competence to answer the

21   violation petition, but rather whether he can be restored to a position so that he is no longer a danger to

22   persons or property.  Section 4243(g) does *not* require a judicial finding by the preponderance of the

23   evidence that the defendant violated his conditions of supervised release, only a probable cause finding

24   that a violation had occurred (which happened when the Court authorized an arrest warrant on the

25   petition).  The question to be answered now, both practically and (apparently) legally is whether the

26   defendant should be remanded to determine whether his continued release would cause a danger to

27   persons or property.   If he is not found to be a danger, than further conditional release would usually

28   /////

1  follow.  If he is found to be a danger, further treatment and/or confinement for the safety of the public

2  will be needed.

3          Thus, it is requested that the previous Order for mental evaluation (C.R. 174 – File 1/27/2016) be

4  amended as follow:

5          1.   That the Court has found that probable cause exists to believe that defendant Arnette has

6               failed to comply with a condition of his conditional release as alleged in the violation petition

7               filed on 3/17/2015,

8          2.   That, after reviewing the report of the BOP Psychologist Lesli Johnson dated December 4,

9               2015, receiving the comments of Probation Officer Glenn Simon who interviewed the

10              defendant shortly prior to the last Court appearance, and the Court having personally

11              observed the defendant in open court at the hearing on January 20, 2016, the Court concludes

12              that, pursuant to 18 U.S.C. § 4243(g), defendant Arnette should be remanded to the BOP for

13              a mental examination to determine whether his continued release would create a substantial

14              risk of bodily injury to another person or serious damage to property of another.

15

16  Dated:  April 20, 2016                    BENJAMIN B. WAGNER
                                              United States Attorney
17
                                              By ___Richard J. Bender_____
18                                            RICHARD J. BENDER
                                              Assistant U.S. Attorney
19

20  Dated:  April 20, 2016                    ____Rachelle Barbour_____
                                               RACHELLE BARBOUR
21                                            Attorney for David Arnette

22

23

24  It is SO ORDERED,

25  this 5th day of May, 2016

26

27                                            _____
                                              UNITED STATES DISTRICT JUDGE
28

MOTION AND (PROPOSED) ORDER RE: DEFENDANT'S          3
MENTAL EVALUATION